## J. Pace Law, PLLC

30 Wall Street, 8th Floor
New York, NY 10005
jpace@jpacelaw.com
(917) 336-3948

**VIA ECF**

July 27, 2026

Hon. Jesse M. Furman
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re.    *Democracy for the Arab World Now et al. v. Trump et al.,* No. 26-cv-5957(JMF)
       Rel. No. 26-cv-5305(JMF)
       <u>Plaintiffs' Objection to Consolidation</u>

Dear Judge Furman,

I write on behalf of Plaintiffs in the above-captioned matter in response to the Court's July 20, 2026 Order (ECF No. 25) requesting the parties' position on consolidating this action with *Prost et al. v. Trump et al.,* No. 26-cv-5305.[1]

Plaintiffs respectfully submit that consolidation is unwarranted at this time. While the *DAWN* and *Prost* complaints share a common cause of action, *see* ECF No. 13 (Statement of Relatedness), the *DAWN* Plaintiffs have moved for a preliminary injunction only as to their non-overlapping claims. Specifically, the *DAWN* Plaintiffs' preliminary injunction motion argues that Executive Order 14203's "services" prohibition (i) violates their First Amendment right to share information and associate with designated persons and (ii) runs afoul of IEEPA's personal communications and information exemptions. *See* 50 U.S.C. § 1702(b). The *Prost* Plaintiffs' preliminary injunction motion, by contrast, argues (i) that Executive Order 14203 is *ultra vires* because it violates international law, conflicts with the American Servicemembers' Protection Act, and is not based on a valid "national emergency"; (ii) that the ICC judges' designations violate the Administrative Procedure Act; and (iii) that a subset of those designations violate the Fifth Amendment. Given the divergence between these claims, Plaintiffs submit that consolidation at this stage would not promote judicial economy. *Ekpe v. City of N.Y.*, 2021 U.S. Dist. LEXIS 242527, at *7 (S.D.N.Y. Dec. 20, 2021) ("Consolidation is appropriate only where it serves the interest of judicial economy.").

---

[1] Plaintiffs have attached hereto the joint letter, filed on the *Prost* docket, outlining the parties' views on the "next steps in the cases if they are consolidated." Exhibit A.

Moreover, because the preliminary injunction applications require the Court to address distinct sets of complex legal questions, there is a risk that consolidation will unnecessarily delay the resolution of Plaintiffs' claims. *Id.* ("The Court must . . . weigh the benefits of consolidation against any . . . delay, or prejudice that might result from consolidation."). That concern is especially weighty where, as here, delay inflicts additional constitutional injury. *See N.Y. Progress & Prot. PAC v. Walsh*, 733 F.3d 483, 488 (2d Cir. 2013) ("The loss of First Amendment freedoms, even for minimal periods of time, unquestionably constitutes irreparable injury.").

Accordingly, Plaintiffs respectfully request that the Court refrain from consolidating these cases.

Respectfully submitted,

/S/ Joseph Pace